L. C. (Alias Cooper) Johnson v. The State.

No. 7266. Decided January 10, 1923.

Rehearing denied April, 1923.

**1.—Murder—Confessions—Corroboration—Rule Stated.**

A confession should be corroborated, but the law does not require that the corroborating evidence be of such cogency as to establish, the commission of the crime by the accused; if there be evidence of death by criminal agency the confession of the accused is available to aid the proof of the *corpus delicti* including the criminal agency of the accused, Folowing Kugadt v. State, 38 Texas Crim. Rep., 694, and other cases.

**2.—Same—Extra-judicial Confessions—Rule Stated.**

Where, upon trial of murder, the extra-judicial confessions of defendant where sufficiently corroborated by other evidence, both circumstantial and direct, the conviction of defendant for murder assessing the death penalty is sustained.

**3.—Same—Argument of Counsel—Invited Error—Rule Stated.**

As a general rule an argument of counsel which is invited by the opposite side, though improper, is not a ground for reversal, and where in the instant case the record showed that State's counsels argument was in re-

sponse to an argument made by defendant's counsel and that there was no
request to withdraw same, there is no reversible error. Following Monday
v. State, 90 Texas Crim. Rep., 9.

#### 4.—Same—Argument of Counsel—Pocketbook.

The article denominated as the little pocketbook was exhibited to the
jury, and was shown by the confession to have been obtained in the house
in which the tragedy occurred, and that it was afterwards found in pos-
session of defendant, and there was therefore no reversible error in the
argument of State's counsel that he could not prove by direct testimony the
ownership of the pocketbook.

#### 5.—Same—Newly Discovered Evidence.

In construing the statute, the courts have often and uniformly held that
to merit a new trial upon the ground of newly discovered evidence the al-
leged new evidence must in fact be newly discovered, and its nondiscovery
must not be due to the laches or lack of diligence on the part of the accused
or his counsel, and where such laches were shown by the record in the
instant appeal, there was no error in overruling the motion for a new trial.

#### 5.—Same—Sufficiency of the Evidence.

Where, upon trial of murder assessing the death penalty, the evidence
supported the conviction, and the record showed that defendant had a fair
and impartial trial, there is no reversible error.

#### 7.—Same—Rehearing—Practice on Appeal—Newly Discovered Evidence.

The court finding itself unable to assent to the proposition that the evi-
dence designated as newly discovered, is shown to be brought within the
scope of the law and decisions relative thereto, a motion for a rehearing must
be overruled.

Appeal from the District Court of McLennan. Tried below before
the Hon. Richard I. Munroe.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

*Garrett & Sheehy* for appellant.—On question of insufficiency of
confession, etc., Sorrell v. State, 167 S. W. Rep., 356; Owens v.
State, 141 id., 530; Grimes v. State, 141 id., 261; Parks v. State,
33 id., 872.

On question of newly discovered evidence, Russell v. State, 242 S.
W. Rep., 217; Harris v. State, 17 Tex. Crim. App. 559; Moore v.
State, 18 id., 212.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Appellant is condemned to suffer
death for the murder of Loula Barker.

The deceased, with her husband and a little girl, about five years
of age, resided at a village in McLennan County. The premises con-
sisted of a dwelling-house and a store nearby. In the early morning,
the body of the deceased was found lying upon the floor of the kitchen,

bearing evidence of having been murdered. A few feet away, near the store, the body of her husband was found, and in another room of the house, the body of Homer Turk, a boy about thirteen years of age, was found wounded unto death.

About a week later, the appellant and Bennie Young, another negro boy, were arrested while in the city of Waco. At the time of his arrest, the appellant had in his possession a small pocket-book which, on the trial, was identified and exhibited to the jury though not formally introduced in evidence.

The appellant's written confession was introduced in evidence. In substance, the confession reveals that he and Young, while on the way to the home of one, Campbell, to spend the night, Young proposed that they go by Barker's store and get some money; that appellant demurred but finally consented; that they found Barker at the woodpile splitting kindling; that no word was passed but that Barker was shot by Young. Appellant got a pocket-book out of Mr. Barker's pocket. It contained no money. He sold the pocket-book to one, Jones. After Barker was shot, appellant picked up the axe from the woodpile. Young already had an axe. Together they went to the back door and demanded of Mrs. Barker, who was in the kitchen, some money. She said that she had but two dollars, and would give them that. They thought she had more, and the appellant hit her on the head with the axe while in the kitchen. A boy came running out by the appellant and Young hit him on the head with an axe. The boy ran out in the yard and fell. Afterwards the appellant and Young went to the bedroom, and the appellant got ''this little pocket-book that Mr. Stegall took off of me on the square.'' It contained no money. The appellant never saw the little girl. He felt sorry after striking Mrs. Barker and put the dollar bill back in her hand. He did not know where the pistol was. One axe was thrown in the bushes near Leroy. His trousers were left at Campbell's home. He did not know whether they had blood on them or not; that he did not think he got any blood on him. After the homicide, he and Young went to Campbell's home. The parties were killed between nine and ten o'clock at night. Young took the pistol, which was a 38-calibre, to Campbell's house.

We do not agree that the conviction rests upon the uncorroborated confession of the appellant. The confession should be corroborated, but the law does not require that the corroborating evidence be of such cogency as to establish the commission of the crime by the accused. It is true that cases may be found declaring that the corpus delicti must be established by evidence independent of the confession. Attaway v. State, 35 Texas Crim. Rep., 403; Wharton on Homicide, p. 997. This rule has been rejected by this court. Sowles v. State, 105 S. W. Rep. 178; White v. State, 50 S. W. Rep. 707. The rule prevailing in this State is that there being evidence of death by

criminal agency, the confession of the accused is available to aid the proof of the corpus delicti, including the criminal agency of the accused. Kugadt v. State, 38 Texas Crim. Rep. 694; Jackson v. State, 29 Texas Crim. App. 464; Gallegos v. State, 49 Texas Crim. Rep. 115; Lott v. State, 60 Texas Crim. Rep. 163; Harkey v. State, 90 Texas Crim. Rep. 216; Branch's Ann. Tex. P. C., p. 1049; Corpus Juris, Vol. 16, Sec. 1514; Wharton's Crim. Evidence, Vol. 1, Sec. 325; Vol. 2, Secs. 633 and 634. As stated by Mr. Wharton, the sufficiency of the corroboration of the confession must depend upon the circumstances of each case. An instance cited by him is that of a boy, fourteen years old, charged with the murder of a girl, nine years of age. He confessed that he whipped her near a spring; that he got a rail and knocked her on the head with it. The body was found by the spring. The skull was fractured, and nearby were switches and a broken rail, stained with blood. The conviction was sustained. Paul v. State, 65 Ga. 152. For other cases upon the subject, see Wharton's Crim. Ev., Vol. 2, p. 1315, note 4.

In the case before us, the facts coming from other testimony coinciding with the confession, may be briefly stated thus: The body of Mr. Barker was found near a pile of kindling, upon which there was blood, and a gunshot wound had passed through his head and the bullet, estimated to be of a 41-calibre, had struck his store. The body of Mrs. Barker was found in the kitchen. Her head had been cut open with an axe or other like instrument. The Turk boy was also killed by blows of an axe. The parties were all dressed. The recently used supper dishes were unremoved from the table, and dominoes upon the table indicating that the game had been interrupted, were found. There was blood on the floor and blood in the yard at the place where the boy fell after being wounded. In the hand of Mrs. Barker there was found a dollar bill. A single shot was heard fired about the time that, according to the confession, the tragedy took place. Bloody hand prints were found upon the wall; a bloody axe and a broken handle were found in the yard near one of the pools of blood. The axe and handle were both exhibited at the trial. When found, the blood upon them was fresh and imprints of two human hands were seen upon the axe handle. With one exception the beds in the house were unused.

The appellant admittedly was in the neighborhood. The pistol used was not produced. It was last in the possession of appellant's companion Young. Appellant gave the opinion that the calibre of the pistol was a 38, and one of the witness gave the opinion that the bullet found was from a 41-calibre. There was no evidence that the bullet was weighed or that the pistol was examined by any one who knew the calibre. The discrepancy, we think, is not of controlling importance.

Young, it appears, also confessed to having taken part in the crime.

We are constrained to regard the evidence sufficient, tested by the rule stated above relating to the weight to be given extrajudicial confessions.

The prosecuting attorney in his argument remarked, in substance, that he was unable to prove by direct testimony the ownership of the little pocket-book which was found in the possession of the appellant at the time of his arrest for the reason that all the parties were dead except the little girl and she was too young to testify, but that as a matter of fact, the little pocket-book belonged to her. The court, in qualifying the bill, states that this was in response to an argument made by the appellant's counsel. As a general rule, an argument which is invited, though improper, is not a ground for reversal. Branch's Ann. Tex. Penal Code, Sec. 363 and cases cited. Particularly is this true where there is no special request for a withdrawal. Monday v. State, 90 Texas Crim. Rep. 9.

The article denominated as "the little pocket-book" was exhibited to the jury. It is not further described in the statement of facts. It was shown by the confession to have been obtained in the house in which the tragedy, as claimed by the appellant, occurred. Its nature and appearance, or other circumstances may have indicated that it was such an article as would create the natural inference that it belonged to a child. In any event, it appearing from the confession that it was obtained from the house of the deceased at the time of the tragedy and it appearing from other evidence that it was in possession of the appellant at the time that he was arrested, we think the argument is not of such an obviously hurtful character as would demand or justify a reversal of the judgment.

It seems that Bennie Young was first tried, but just how long before the appellant's trial is not revealed. Upon Young's trial, as upon this one, the axe with blood upon the handle, and the bloody imprints of human hands upon it was introduced in evidence. It was shown on Young's trial and by the first witness in the instant trial that these imprints had been examined by an expert. This was drawn out by appellant's cross-examination. The witness said, however, that the evidence of finger prints found was not deemed sufficient basis for comparison with other finger prints. Upon his motion for new trial, the appellant attached the affidavit of one R. L. Hooton to the effect that he was a finger-print expert and that he had compared the finger prints of the appellant and Young with the photograph of those upon the bloody axe handle and that the two did not "correspond." In his affidavit he says that the photograph of the finger prints upon the axe handle was made by Wayne H. Farmer and that he, the affiant, had taken the finger prints of the appellant and Young. It was shown that at the time of the trial the axe handle had been handled so much that the finger prints were indistinct. In qualifying the bill the court says that on the trial of Young, the

witness testified that an effort had been made to develop the finger prints on the axe handle and that a picture was made of them; *"that he got some ridges on a couple of fingers, but said that it would be doubtful whether it was sufficient to make any comparison."* The statute declares that where new testimony material to the defendant has been discovered since the trial, a new trial shall be granted. In construing this statute, the courts have often and uniformly held that to merit a new trial upon this ground, the new evidense must, in fact, be newly discovered and its nondiscovery not due to the laches or lack of diligence on the part of the accused or his counsel. Cases are collated in Vernon's Texas Crim. Stat., Vol. 2, p. 777, and in Branch's Ann. Tex. Penal Code, Sec. 192. In the instant case, it is made definitely to appear that antecedent to appellant's trial, it was learned by appellant's counsel, who also represented Young, that there had been a picture made of the finger prints upon the axe handle, and this testimony came to the appellant's knowledge in the early stage of his own trial, if not before. No effort is shown to have been made at any time to procure the testimony of the person who made the photograph of these finger prints, nor does the record reveal that any effort was made at any time before the conviction of the appellant to pursue an inquiry touching the finger prints further or to have an examination of the finger prints of the appellant or Young taken for the purpose of comparison. The evidence proffered in the motion for new trial, namely, that since the conviction of the appellant, the finger prints of the appellant and Young had been taken and that they would not "Compare" with the photograph of the finger prints upon the axe handle, is such as could have been obtained in time for use upon the trial of the appellant; at least if it could not have been so obtained, no sufficient reason is given for not asking the court to delay the trial until it might be done. This would have been encumbent upon the appellant, inasmuch as he knew that there were impressions upon the axe handle and that a photograph of them had been made. Moreover, if the photograph taken from the axe handle was such as is described in the court's qualification, it was so indefinite that the proffered new testimony would not probably have produced a different result. In other words, if the photograph from the axe handle was insufficient to portray the finger prints, it could furnish no criterion for determining the identity of the offender. In any event, we are not warranted in holding the evidence of Hooten as coming within the rule pertaining to newly discovered evidence. A contrary conclusion would do violence to the statute upon the subject of newly discovered evidence as it has been uniformly and repeatedly construed.

Deeming the evidence of the appellant's guilt adequate to support the verdict of the jury and finding nothing presented for review

which characterizes his trial as otherwise than fair and impartial, duty compels an affirmance of the judgment. It is therefore ordered.

*Affirmed.*

### ON REHEARING.

### February 14, 1923.

LATTIMORE, Judge.—The only matter urged in support of this motion is that we should have reversed this case because of the supposed error of the trial court in refusing a new trial asked upon the ground of newly discovered evidence. We have again reviewed the record, giving due weight to the extreme penalty inflicted upon appellant in this verdict. The law upon the subject appears correctly stated in our original opinion. No new facts are recited in this motion, nor is our attention directed to any which we overlooked or failed to comprehend upon original presentation. Without dispute of any sort it appears that in the companion case of Young v. State, which was tried prior to the instant case, Mr. Burton, a witness for the State, testified:

"There was a young man came in here that had a certificate as a finger print expert. We attempted to have some finger prints developed off of the handle of that axe. He took pictures of the prints on that axe. He said he got some ridges on a couple of fingers, I believe, but he said he was doubtful whether it was sufficient to make any comparison."

The record in the Young case now on file in this court, which has been submitted to us and an opinion in which is this day handed down, reflects no question asked of Mr. Burton by which appellant's attorneys sought to elicit information as to the name of the finger print expert or his address, or how he could be reached, or whether he was present at court. The trial of Bennie Young began on Friday and concluded on Saturday. The trial of this appellant followed some time later. If any questions had been propounded to Mr. Burton as to the name or address of said finger print expert, who was known to the officers, it appears that his presence could have been had upon this trial and his testimony, now claimed to be newly discovered, would have been presented to the jury. The requisites of sufficient showing of diligence to obtain evidence claimed as newly discovered in a motion for new trial, are well known. White v. State, 10 Texas Crim. App. 167; Fisher v. State, 30 Texas Crim. App. 502; Riojas v. State, 36 Texas Crim. Rep. 182; Wilson v. State, 37 Texas Crim. Rep. 156; Mitchell v. State, 38 Texas Crim. Rep. 170. There was no error in the refusal of the motion for new trial. the confession of appellant seems entirely free from objection as to its admissibility, scope, the manner of taking or its conclusiveness of guilt.

Appellant admitted his guilt and narrated circumstances incident to the killing found by other testimony to be true, and there seems little, if any, doubt as to his guilt.

Finding ourselves unable to assent to the proposition that the evidence designated as newly discovered, is shown to be brought within the scope of our law and decisions relative thereto, the motion for rehearing will be overruled.

*Overruled.*