## JOHNSON v. STATE. (No. 7266.)

(Court of Criminal Appeals of Texas. Jan. 10, 1923. Rehearing Denied Feb. 14, 1923.)

**1. Criminal law ⏾534(1), 535(½)—Confession available to prove corpus delicti; corroboration of confession need not establish commission of crime by accused.**

While a confession should be corroborated, it is not necessary that the corroborating evidence be of such cogency as to establish the commission of the crime by accused, and, if there is evidence of death by criminal agency, the confession of accused is available to aid the proof of the corpus delicti, including the criminal agency of accused.

**2. Criminal law ⏾535(2)—Evidence held sufficient to corroborate confession to sustain conviction.**

Evidence in a prosecution for murder *held* sufficiently to corroborate the confession of accused to support the conviction.

**3. Criminal law ⏾1137(8)—Invited argument, though improper generally, not ground for reversal.**

Generally an argument which is invited, though improper, is not a ground for reversal, particularly where no special request is made for a withdrawal.

**4. Criminal law ⏾1171(3)—Remarks of prosecuting attorney with reference to inability to prove ownership of article exhibited to jury held not reversible error.**

The remarks of prosecuting attorney, in response to an argument made by accused in a prosecution for murder, that the prosecution was unable to prove by direct testimony the ownership of a pocketbook found in the possession of accused at the time of his arrest, for the reason that all the parties were dead, having been murdered, except a child, and she was too young to testify, but that as a matter of fact the pocketbook belonged to her, *held* not harmful error justifying a reversal where the pocketbook was obtained from the house of deceased at the time of the tragedy, and was in possession of accused at the time he was arrested.

**5. Criminal law ⏾938(1)—When new trial may be granted upon ground of newly discovered evidence stated.**

To merit a new trial, new evidence must in fact be newly discovered, and its prior discovery not due to the laches or lack of diligence on the part of the accused or his counsel.

**6. Homicide ⏾319—Denial of motion for new trial on ground of newly discovered evidence held proper.**

A motion for new trial on the ground of newly discovered evidence, in that, since the conviction of murder, defendant's finger prints had been taken, and found not to correspond with the photograph of the finger prints of accused upon a bloody axe handle, will not be granted where such evidence could have been obtained in time for use upon the trial, or the trial could have been postponed, and the pho-

tograph taken from the axe handle was so indefinite in portraying the finger prints that it could furnish no criterion for determining the identity of the slayer, nor produce a different verdict.

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

L. C. (alias Cooper) Johnson was convicted of murder, and appeals. Affirmed.

Garrett & Sheehy, of Waco, for appellant. R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. [1, 2] Appellant is condemned to suffer death for the murder of Loula Barker. The deceased, with her husband and a little girl about 5 years of age, resided at a village in McLennan county. The premises consisted of a dwelling house and a store near by. In the early morning the body of the deceased was found lying upon the floor of the kitchen, bearing evidence of having been murdered. A few feet away, near the store, the body of her husband was found, and in another room of the house the body of Homer Turk, a boy about 13 years of age, was found wounded unto death. About a week later the appellant and Bennie Young, another negro boy, were arrested while in the city of Waco. At the time of his arrest the appellant had in his possession a small pocketbook, which, on the trial, was identified and exhibited to the jury, though not formally introduced in evidence.

The appellant's written confession was introduced in evidence. In substance, the confession reveals that while he and Young were on the way to the home of one Campbell to spend the night, Young proposed that they go to Barkers' store and get some money; that appellant demurred, but finally consented; that they found Barker at the woodpile splitting kindling; that no word was passed, but that Barker was shot by Young. Appellant got a pocketbook out of Mr. Barker's pocket. It contained no money. He sold the pocketbook to one Jones. After Barker was shot, appellant picked up the axe from the woodpile. Young already had an axe. Together they went to the back door, and demanded of Mrs. Barker, who was in the kitchen, some money. She said that she had but $2, and would give them that. They thought she had more, and the appellant hit her on the head with the axe while in the kitchen. A boy came running out by the appellant, and Young hit him on the head with an axe. The boy ran out in the yard and fell. Afterwards the appellant and Young went to the bedroom, and the appellant got "this little pocketbook that Mr. Stegall took off of me, on the square." It contained no money. The appellant never saw

the little girl. He felt sorry after striking Mrs. Barker, and put the dollar bill back in her hand. He did not know where the pistol was. One axe was thrown in the bushes near Leroy. His trousers were left at Campbell's home. He did not know whether they had blood on them or not. He did not think he got any blood on him. After the homicide he and Young went to Campbell's home. The parties were killed between 9 and 10 o'clock at night. Young took the pistol, which was a .38-caliber, to Campbell's house.

We do not agree that the conviction rests upon the uncorroborated confession of the appellant. The confession should be corroborated, but the law does not require that the corroborating evidence be of such cogency as to establish the commission of the crime by the accused. It is true that cases may be found declaring that the corpus delicti must be established by evidence independent of the confession. Attaway v. State, 35 Tex. Cr. R. 403, 34 S. W. 112; Wharton on Homicide, p. 897. This rule has been rejected by this court. Sowles v. State, 52 Tex. Cr. R. 17, 105 S. W. 178; White v. State, 40 Tex. Cr. R. 366, 50 S. W. 707. The rule prevailing in this state is that, there being evidence of death by criminal agency, the confession of the accused is available to aid the proof of the corpus delicti, including the criminal agency of the accused. Kugadt v. State, 38 Tex. Cr. R. 694, 44 S. W. 989; Jackson v. State, 29 Tex. App. 464, 16 S. W. 247; Gallegos v. State, 49 Tex. Cr. R. 115, 90 S. W. 492; Lott v. State, 60 Tex. Cr. R. 163, 131 S. W. 553; Harkey v. State, 90 Tex. Cr. R. 216, 234 S. W. 221, 17 A. L. R. 1276; Branch's Ann. Tex. P. C. p. 1049; Corpus Juris, vol. 16, § 1514; Wharton's Crim. Evidence, vol. 1, § 325; vol. 2, § 633, 634. As stated by Mr. Wharton, the sufficiency of the corroboration of the confession must depend upon the circumstances of each case. An instance cited by him is that of a boy, 14 years old, charged with the murder of a girl 9 years of age. He confessed that he whipped her near a spring; that he got a rail and knocked her on the head with it. The body was found by the spring. The skull was fractured, and nearby were switches and a broken rail, stained with blood. The conviction was sustained. Paul v. State, 65 Ga. 152. For other cases upon the subject, see Wharton's Crim. Ev. vol. 2, p. 1315, note 4.

In the case before us, the facts coming from other testimony coinciding with the confession may be briefly stated thus: The body of Mr. Barker was found near a pile of kindling, upon which there was blood, and a gunshot wound had passed through his head and the bullet, estimated to be of a .41-caliber, had struck his store. The body of Mrs. Barker was found in the kitchen. Her head had been cut open with an axe or

249 S.W.—67

other like instrument. The Turk boy was also killed by blows of an axe. The parties were all dressed. The recently used supper dishes were unremoved from the table, and dominoes upon the table, indicating that the game had been interrupted, were found. There was blood on the floor and blood in the yard at the place where the boy fell after being wounded. In the hand of Mrs. Barker there was found a dollar bill. A single shot was heard fired about the time that, according to the confession, the tragedy took place. Bloody hand prints were found upon the wall; a bloody axe and a broken handle were found in the yard near one of the pools of blood. The axe and handle were both exhibited at the trial. When found, the blood upon them was fresh, and imprints of two human hands were seen upon the axe handle. With one exception the beds in the house were unused.

The appellant admittedly was in the neighborhood. The pistol used was not produced. It was last in the possession of appellant's companion, Young. Appellant gave the opinion that the caliber of the pistol was a .38, and one of the witnesses gave the opinion that the bullet found was from a .41-caliber. There was no evidence that the bullet was weighed or that the pistol was examined by any one who knew the caliber. The discrepancy, we think, is not of controlling importance.

Young, it appears, also confessed of having taken part in the crime. We are constrained to regard the evidence sufficient, tested by the rule stated above relating to the weight to be given extrajudicial confessions.

[3, 4] The prosecuting attorney in his argument remarked, in substance, that he was unable to prove by direct testimony the ownership of the little pocketbook which was found in the possession of the appellant at the time of his arrest, for the reason that all the parties were dead except the little girl, and she was too young to testify, but that, as a matter of fact, the little pocketbook belonged to her. The court, in qualifying the bill, states that this was in response to an argument made by the appellant's counsel. As a general rule, an argument which is invited, though improper, is not a ground for reversal. Branch's Ann. Tex. Penal Code, § 363, and cases cited. Particularly is this true where there is no special request for a withdrawal. Monday v. State, 90 Tex. Cr. R. 9, 232 S. W. 831.

The article denominated as "the little pocketbook" was exhibited to the jury. It is not further described in the statement of facts. It was shown by the confession to have been obtained in the house in which the tragedy, as claimed by the appellant, occurred. Its nature and appearance, or other circumstances, may have indicated that it was such an article as would create the natural inference that it belonged to a child.

In any event, it appearing from the confession that it was obtained from the house of the deceased at the time of the tragedy, and it appearing from other evidence that it was in possession of the appellant at the time that he was arrested, we think an argument is not of such an obviously hurtful character as would demand or justify a reversal of the judgment.

[5, 6] It seems that Bennie Young was first tried, but just how long before the appellant's trial is not revealed. Upon Young's trial, as upon this one, the axe with blood upon the handle, and the bloody imprints of human hands upon it were introduced in evidence. It was shown on Young's trial and by the first witness in the instant trial that these imprints had been examined by an expert. This was drawn out by appellant's cross-examination. The witness said, however, that the evidence of finger prints found was not deemed sufficient basis for comparison with other finger prints. Upon his motion for new trial, the appellant attached the affidavit of one R. L. Hooton, to the effect that he was a finger-print expert, and that he had compared the finger prints of the appellant and Young with the photograph of those upon the bloody axe handle, and that the two did not "correspond." In his affidavit he says that the photograph of the finger prints upon the axe handle was made by Wayne H. Farmer, and that he, the affiant, had taken the finger prints of the appellant and Young. It was shown that at the time of the trial the axe handle had been handled so much that the finger prints were indistinct. In qualifying the bill the court says that on the trial of Young, the witness testified that an effort had been made to develop the finger prints on the axe handle, and that a picture was made of them; *"that he got some ridges on a couple of fingers, but said that it would be doubtful whether it was sufficient to make any comparison."* The statute declares that where new testimony material to the defendant has been discovered since the trial, a new trial shall be granted. In construing this statute, the courts have often and uniformly held that, to merit a new trial upon this ground, the new evidence must, in fact, be newly discovered, and its prior discovery not due to the laches or lack of diligence on the part of the accused or his counsel. Cases are collated in Vernon's Texas Crim. Stat. vol. 2, p. 777, and in Branch's Ann. Tex. Penal Code, § 192.

In the instant case, it is made definitely to appear that, antecedent to appellant's trial, it was learned by appellant's counsel, who also represented Young, that there had been a picture made of the finger prints upon the axe handle, and this testimony came to the appellant's knowledge in the early stage of his own trial, if not before. No effort is shown to have been made at any time to procure the testimony of the person who made the photograph of these finger prints, nor does the record reveal that any effort was made at any time before the conviction of the appellant to pursue an inquiry touching the finger prints further, or to have an examination of the finger prints of the appellant or Young taken for the purpose of comparison. The evidence proffered in the motion for new trial, namely, that since the conviction of the appellant the finger prints of the appellant and Young had been taken, and that they would not "compare" with the photograph of the finger prints upon the axe handle, is such as could have been obtained in time for use upon the trial of the appellant; at least, if it could not have been so obtained, no sufficient reason is given for not asking the court to delay the trial until it might be done. This would have been incumbent upon the appellant, inasmuch as he knew that there were impressions upon the axe handle, and that a photograph of them had been made. Moreover, if the photograph taken from the axe handle was such as is described in the court's qualification, it was so indefinite that the proffered new testimony would not probably have produced a different result. In other words, if the photograph from the axe handle was insufficient to portray the finger prints, it could furnish no criterion for determining the identity of the offender. In any event, we are not warranted in holding the evidence of Hooten as coming within the rule pertaining to newly discovered evidence. A contrary conclusion would do violence to the statute upon the subject of newly discovered evidence as it has been uniformly and repeatedly construed.

Deeming the evidence of the appellant's guilt adequate to support the verdict of the jury, and finding nothing presented for review which characterizes his trial as otherwise than fair and impartial, duty compels an affirmance of the judgment. It is therefore ordered.

### On Motion for Rehearing.

LATTIMORE, J. The only matter urged in support of this motion is that we should have reversed this case because of the supposed error of the trial court in refusing a new trial asked upon the ground of newly discovered evidence. We have again reviewed the record, giving due weight to the extreme penalty inflicted upon appellant in this verdict. The law upon the subject appears correctly stated in our original opinion. No new facts are recited in this motion, nor is our attention directed to any which we overlooked or failed to comprehend upon original presentation. Without dispute of any sort it appears that in the companion case of Young v. State, 249 S. W. 1059, which was tried prior

to the instant case, Mr. Burton, a witness for the state testified:

"There was a young man came in here that had a certificate as a finger print expert. We attempted to have some finger prints developed off of the handle of that axe. He took pictures of the prints on that axe. He said he got some ridges on a couple of fingers, I believe, but he said he was doubtful whether it was sufficient to make any comparison."

The record in the Young Case now on file in this court, which has been submitted to us, and an opinion in which is this day handed down, reflects no question asked of Mr. Burton by which appellant's attorneys sought to elicit information as to the name of the finger print expert or his address, or how he could be reached, or whether he was present at court. The trial of Bennie Young began on Friday and concluded on Saturday. The trial of this appellant followed some time later. If any questions had been propounded to Mr. Burton as to the name or address of said finger print expert, who was known to the officers, it appears that his presence could have been had upon this trial, and his testimony, now claimed to be newly discovered, would have been presented to the jury. The requisites of sufficient showing of diligence to obtain evidence claimed as newly discovered in a motion for new trial are well known. White v. State, 10 Tex. App. 167; Fisher v. State, 30 Tex. App. 502, 18 S. W. 90; Riojas v. State, 36 Tex. Cr. R. 182, 36 S. W. 268; Wilson v. State, 37 Tex. Cr. R. 156, 38 S. W. 1013; Mitchell v. State, 38 Tex. Cr. R. 170, 41 S. W. 816. There was no error in the refusal of the motion for new trial. The confession of appellant seems entirely free from objection as to its admissibility, scope, the manner of taking, or its conclusiveness of guilt. Appellant admitted his guilt, and narrated circumstances incident to the killing found by other testimony to be true, and there seems little, if any, doubt as to his guilt.

Finding ourselves unable to assent to the proposition that the evidence designated as newly discovered is shown to be brought within the scope of our law and decisions relative thereto, the motion for rehearing will be overruled.