Ex Parte N. E. Perkins.

No. 14431.   Delivered May 20, 1931.
Rehearing Denied June 24, 1931.

The opinion states the case.

*O. M. Lord* and *David E. O'Fiel,* both of Beaumont, for appellant.

*Hollis M. Kinard,* County Attorney of Orange, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—This appeal is from a judgment denying bail in a habeas corpus proceeding.

From the evidence it appears that the deceased, White, and Leonard Carr, went about midnight to the home of the appellant. He was in bed. The parties were admitted, however, and after some friendly conversation, Carr went for some cigarettes. Upon his return, White was dead. Appellant said that he had killed White in defense of his own life and gave the details of the killing. These matters were introduced by the state, that is, the appellant's admission that he killed White and his declaration of exculpatory facts were introduced upon behalf of the state. By circumstances the state undertook to rebut the testimony of innocence and self-defense introduced by it and establishing the offense of murder upon malice aforethought.

The appellant testified in his own behalf, claiming that he was assaulted by White, was fired upon by him, and that he killed White in self-defense while the latter was trying to kill him. There were circumstances showing that White was shot twice. There was evidence of bullets having struck parts of the building which coincided with the theory advanced by the appellant in his testimony.

The evidence before the court is not deemed such as to justify the refusal of bail. In the Constitution, art. 1, sec. 11, it is said:

"All prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident."

It has been said in many cases:

" 'Proof is evident' if the evidence is clear and strong, leading a well guarded and dispassionate judgment to the conclusion that the offense has been committed; that the accused is the guilty agent; and that he would probably be punished capitally if the law is administered, and in such case bail is not a matter of right. Ex parte Smith, 23 Texas App., 100, 5 S. W., 99."

The judgment denying bail is reversed, and the appellant is ordered discharged upon bail, with good and sufficient sureties, in the sum of $10,000.

*Bail granted and appellant ordered discharged.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—This court must take the record in any case, as it appears here and base its judgment upon same. When the question involved is the right to bail, this court must grant bail, unless we are impressed with the belief that on the facts presented a fair jury would inflict the death penalty. Our opinion granting bail is no prejudgment of the testimony which may be introduced upon the trial hereafter had, and merely expresses our view of the testimony heard before the trial court appearing in the record. We are of opinion the case was correctly decided.

The state's motion for rehearing is overruled.

*Overruled.*