## Ex Parte Jack Peddy.

No. 14858.   Delivered October 14, 1931.

The opinion states the case.

*Maurice Short, J. W. Ellington,* and *Dallas Ivey,* all of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—This appeal is from a judgment denying bail.

Appellant is under indictment charging him with furnishing arms and aid to one Dewey Parker in the commission of the offense of robbery with firearms, appellant not being present when the offense was committed. Conviction was had upon the charge in the district court of Shelby county and an appeal thereafter taken to this court. The judgment of the trial court was reversed and the cause remanded by this court on June 24, 1931. See Peddy v. State, 40 S. W. (2d) 133. After the mandate of this court had been duly issued, appellant presented to the trial judge his application for a writ of habeas corpus wherein he requested that he be granted bail. Upon a hearing it was agreed that the facts adduced upon appellant's trial and reviewed by this court in Peddy v. State, supra, should be considered by the trial judge in determining whether bail should be allowed. No additional testimony touching the circumstances surrounding the commission of the offense was introduced. In the opinion reversing the judgment of the trial court this court held that the testimony was insufficient to show the guilt of Dewey Parker, the principal named in the indictment. As hereinbefore stated, no effort

was made upon the hearing of the writ of habeas corpus to offer evidence touching the identity of Dewey Parker as the principal in the commission of the offense.

The evidence before the court is not deemed such as to justify the refusal of bail. Under our Constitution, bail is a matter of right, except in capital cases where the proof is evident. Section 11 of article 1, Constitution of Texas; Ex parte Perkins, 118 Texas Crim. Rep., 178, 40 S. W. (2d) 123. "Proof evident" has been defined as follows: " 'Proof is evident' if the evidence is clear and strong leading a well-guarded and dispassionate judgment to the conclusion that the offense has been committed; that the accused is the guilty agent; and that he would probably be punished capitally if the law is administered." Ex parte Perkins, supra, and authorities cited.

In Ex parte Walker, et al, 95 Texas Crim. Rep., 267, it appears that the relators had been previously tried on indictments charging them with a capital offense, with the result that the jury assessed the punishment at ninety-nine years confinement in the penitentiary. Thereafter, judgment of the trial court was. reversed by this court. Upon a hearing on a writ of habeas corpus before the trial court the relators were denied bail. In reaching the conclusion that bail should be granted, this court, speaking through Presiding Judge Morrow, said:

"The jury in passing on the same facts that are in the present record having refused to assess the capital punishment, this court would not be warranted in regarding it as one in which there was 'proof evident' that the relators were guilty of a capital offense. For these reasons we are of the opinion that relators are entitled to bail."

The penalty assessed against appellant when his case was tried was ninety-nine years. As hereinbefore stated, this court held the evidence insufficient to show the guilt of his principal. In the light of the record, we are constrained to hold that bail should be granted.

The judgment denying bail is reversed, and bail granted in the sum of $5,000.

*Judgment reversed, and bail granted.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.