EX PARTE J. H. NUNN.

No. 15791.   Delivered January 18, 1933.
Reported in 56 S. W. (2d) 456.

The opinion states the case.

*Chas. Owens* and *W. Joe Bryan,* both of El Paso for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The appeal is from an order of the district court of El Paso county refusing the appellant's application, by way of habeas corpus, for bail.

The appellant is under indictment for the murder of James Hoover. It is understood from the evidence that the appellant Nunn and James Hoover and several other persons were in a place where cotton was stored. Hoover was using a knife adapted to sampling cotton. While other witnesses were about their affairs, one of them heard a noise and observed Hoover lying on the ground and the appellant standing over or near him with an iron bar in his hand. Hoover was taken to town, where he subsequently died. The wounds on Hoover were described by a doctor. There were four lacerated wounds on the scalp, and other lacerated wounds upon the other parts of the body. The opinion was expressed that the wounds produced the death of the deceased. An iron pipe was presented at the trial, and examined by a physician. The pipe was shown to

have had blood upon it. The iron pipe was not described either by its weight or dimensions. No witness observed the beginning of the difficulty. There is testimony of a difficulty some months previous between the parties. There was testimony that the blade of the knife used by Hoover was five inches long and was very sharp. The knife was picked up near the place where the iron pipe was found after the injury was inflicted. There was also a rock near the knife mentioned.

The appellant introduced evidence to the effect that he was a resident in the community and had a family of several children; that he was a farmer and lived on a mortgaged farm; that he had friends who would probably make bail in any reasonable sum. He bore the reputation of a peaceable, law-abiding citizen. He had never been in any previous trouble.

The state's attorney before this court intimates in his brief that he does not regard the "proof evident" within the meaning of the Constitution such as would warrant the refusal of bail. See Ex parte Peddy, 118 Texas Crim. Rep., 175, 42 S. W. (2d) 605; Ex parte Adams, 119 Texas Crim. Rep., 135, 44 S. W. (2d) 713. It is thought that bail should be granted.

It is therefore ordered that the judgment denying bail be reversed and appellant released pending trial upon the execution of a good and sufficient bond, meeting the requirements of the law, in the sum of $7,500.

*Judgment denying bail reversed.*