## EX PARTE J. W. GOODE.

No. 16021.   Delivered April 26, 1933.
Reported in 59 S. W. (2d) 841.

The opinion states the case.

*Roy I. Biggs* and *Hill D. Hudson,* both of Pecos, for appellant.

*Henry G. Russell, Richard L. Toll,* County Attorney, and *William L. Kerr,* District Attorney, all of Pecos, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Appellant is charged by complaint with the offense of murder. Through habeas corpus proceedings in the district court he sought bail. From an order of the court remanding him without bail this appeal is taken.

Upon the hearing two confessions were introduced in evidence, showing proper warning in compliance with article 727, C. C. P. In the first confession appellant stated that he shot deceased, Fane Downs, while he (deceased) was putting some air in his automobile tires. At this point we quote from the confession: "As Bob Baker went into the garage to get me a.

crank I went with him and as Bob went back on into the garage to get another crank, I turned and pulled a pistol from my pocket and walked up to about six feet from Fane Downs and then I shot Fane Downs under the right arm. Fane Downs' right side was to me. He turned after I shot him and I shot two or three more shots until Downs fell and then I quit shooting." In the second confession appellant stated that about three years prior to the homicide he had had some trouble with deceased over some water, and that deceased had attacked him with an axe handle. It was stated further in the confession that he told deceased at the time that he had better kill him or he would get him. Further, the confession states that appellant did not have an opportunity to kill deceased until he met him at the garage on the occasion of the homicide.

Corroborating the confession was the testimony of a state's witness to the effect that he heard the shots at the garage and saw some bullets hitting in front of the car where deceased was standing; that immediately after the shots were fired he saw deceased run some distance and then fall; that he found that deceased had been shot; that appellant had been present immediately prior to the shooting, but he did not know where he was at the time the shots were fired. In further corroboration of the confession, it was agreed that deceased died from the effect of gunshot wounds.

The foregoing comprises substantially all of the evidence heard upon the application.

We do not agree that appellant is held without bail upon his uncorroborated confession. While a confession should be corroborated, it is not required that the corroborating evidence be of such cogency as to establish the commission of the crime by the accused. The rule prevailing in this state is that, there being evidence of death by criminal agency, the confession of the accused is available to aid the proof of the corpus delicti, including the criminal agency of the accused. See Johnson v. State, 249 S. W., 1056. We deem the corroborating evidence sufficient.

Bail is a matter of right, except in capital cases where the proof is evident. "Proof is evident" if the evidence is clear and strong, leading a well-guarded and dispassionate judgment to the conclusion that the offense has been committed; that the accused is the guilty agent; and that he would probably be punished capitally if the law is administered. See Ex parte Peddy, 42 S. W. (2d) 605, and authorities cited. Giving application to the rule, we are constrained to uphold the action denying bail.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.