## EX PARTE S. C. SCALES.

No. 19641.   Delivered February 16, 1938.

The opinion states the case.

*R. E. Eubank,* of Paris, and *C. C. McKinney,* of Cooper, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—In this cause the relator was charged in the first count of the indictment with the murder of one Frank Moody; in the second count thereof he stands charged with furnishing arms and aid to one Jerome Smith for the purpose of assisting the said Smith in the murder of Frank Moody; in the third count thereof he stands charged with unlawfully and wilfully advising and encouraging Jerome Smith to kill Frank Moody.

Upon the hearing of the writ of habeas corpus on the 27th day of December, 1937, the court refused the relator bail and

remanded him to the custody of the sheriff of Lamar County, from which action of the court this appeal results.

Relator's own testimony,—which appears in the record as a statement made to the county attorney of Lamar County,— connects him with the murder of the said Frank Moody; according to his own testimony he suggested the murder to the actual killer, Jerome Smith, furnished the weapon with which the killing was done, and makes the statement in said confession: "When I give Jerome the gun I knew what he was going to do with it and knew he was going to kill Frank with it. I knew he had killed Frank when he brought the gun back and said everything was all right."

We quote from Ex parte Goode, 59 S. W. (2d) 841, as follows:

"We do not agree that appellant is held without bail upon his uncorroborated confession. While a confession should be corroborated, it is not required that the corroborating evidence be of such cogency as to establish the commission of the crime by the accused. The rule prevailing in this State is that, there being evidence of death by criminal agency, the confession of the accused is available to aid the proof of the corpus delicti including the criminal agency of the accused. See Johnson v. State, 94 Tex. Cr. R. 184, 249 S. W. 1056."

In our judgment the above quotation is applicable to this case. Under the facts it seems to us that the proof is evident that the deceased was killed unlawfully; that the accused is the guilty agent; and that he would probably be punished capitally if the law is administered. See Ex parte Peddy, 118 Texas Crim. Rep., 175, 42 S. W. (2d) 605.

The judgment of the trial court is affirmed.

*Affirmed.*