### ED WALKER v. THE STATE.

#### No. 6622.  Decided June 23, 1922.

**Murder—Companion Case—Corroboration—Accomplice.**

Where, upon appeal from a conviction of murder assessing the death penalty, the record showed that the same was a companion case, of Howard v. State, etc., and the facts in the instant case are identical with those in the companion cases, to wit: the insufficiency of the corroboration of the accomplice's testimony, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Comanche.  Tried below before the Honorable J. R. McClellan.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

*Callaway & Callaway* and *Wilkinson & McGaugh*, for appellant.

*R. G. Storey*, Assistant Attorney General, and *Joe H. Eidson*, District Attorney, for appellant.

HAWKINS, JUDGE.— Conviction is for murder, punishment being assessed at death.

This is a companion case to Howard v. State, No. 6620, (opinion May 31, 1922) and Willman v. State, No. 6619, (opinion June 7th, 1922). The facts in the instant case are identical with those fully set out in the opinions in the cases mentioned. The question raised in them as to the sufficiency of the evidence to corroborate the accomplice witness does not here occur on account of a statement introduced against appellant as made to the witness Tyler. However, the legal questions relative to certain statements made by the accomplice to the officers, and testified to in detail by both him and them, and also relative to the charge on accomplice, are the same in this case as caused a reversal of both the Howard and Willman cases. Those matters were discussed at length in the opinions in those cases and a further review here would avail nothing.

For the same reasons therein given it becomes necessary to reverse the judgment and remand this cause for new trial, and the same is so ordered.

*Reversed and remanded.*