## Ex Parte Tom Ross.

### No. 7830.   Decided May 2, 1923.

### Denied May 23, 1923.

**1.—Habeas Corpus—Bail—Rule Stated—Conflict of Evidence.**

Merely because there may be some conflict in the evidence, or because of the presence of some testimony raising a defensive issue does not necessarily entitle an accused to bail. Following Ex parte Smith, 23 Texas Crim. App., 100, and other cases.

**2.—Same—Rule Stated—Denial of Bail.**

The rule seems to be that on appeal in *habeas corpus* hearing, wherein bail was denied, if the complaint, be that the evidence below was conflicting, this court will rarely overturn the judgment of the lower court and grant bail. Following Ex parte Sparks, 81 Texas Crim. Rep., 618, and other cases, and where it appears from the record that the State witnesses make out a case apparently capital, and the only conflict which appears is based on the testimony of the accused, the judgment is affirmed.

Appeal from the District Court of Gaines. Tried below before the Hon. Clark M. Mullican.

Appeal from a denial of bail.

The opinion states the case.

*George E. Lockhart, Percy Spencer,* and *Bledsoe & Pharr* for Relator.—Cited Ex parte Way, 180 S. W. Rep., 610; Ex parte Townsley, 220 id., 1092; Ex parte Dooley, 170 id., 303; Ex parte Burton, 170 id., 308; Ex parte Lewellyn, 229 id., 326.

*R. G. Storey,* Assistant Attorney General for the State.

HAWKINS JUDGE.—Separate indictments were returned by the grand jury of Gaines County against Tom Ross and Milt Good charging each of them with the murder of W. D. Allison and H. S. Roberson. Upon habeas corpus hearing before Hon. Clarke M. Mullican, Judge of the 72d Judicial District they were denied bail, and from such order the cases are before us on appeal.

We give only a very condensed statement of the facts. Allison

and·Roberson were employees of the Texas Cattle Raisers Association, and had been active in the investigation of alleged cattle thefts in Gaines and other counties. Largely as a result of their activity a number of indictments had been returned in various counties against Good charging him with theft of cattle. They were the principal witnesses against him. An indictment for cattle theft had also been returned against Ross in an adjoining county, and a similar charge was under investigation in Gaines County. District Court for said county was to convene on Monday, April 2, 1923 at Seminole. Allison and Roberson ·were present in the town to go before the grand jury and report the result of their investigation. On Sunday night, April 1st, these two men were sitting in the office of the hotel, there also being present the district attorney, the sheriff, a number of lawyers and other parties, all engaged in general conversation. The office was a small room, not more than fourteen feet square. Between eight and nine o'clock some noise at the door attracted the attention of some of the witnesses and the barrel of a shot-gun was seen entering the room, pointing in the direction of Roberson. A shot was immediately fired from the gun, and Ross and Good burst into the small office, both firing, Good with an automatic shotgun and Ross with a pistol. Allison was shot through the heart with the shotgun and fell forward out of his chair on the floor. Roberson was shot in the left ear with the shotgun, in the left side of his head and neck, and twice in the heart with a pistol. He did not fall out of his chair, but his head fell back against the wall. After Good fired three shots from the shotgun, and after Allison was on the floor, Good drew his pistol and fired one shot into Allison's body. Both Allison and Roberson were armed at the time of the killing but their pistols were found still in the holsters. There is positive evidence from the State's witnesses that neither of the men moved or made a demonstration of any kind prior to or during the shooting, and many circumstances and physical facts are in evidence to the same effect. Ross and Good each testified that their presence at the hotel was to spend the night, and to consult one of the lawyers present, and that they had no knowledge of the presence of Allison and Roberson when they entered the hotel office; that each of them had been informed of threats by both of the men who were killed, and that when relators came into the office both Allison and Roberson made a demonstration as if to draw their pistols, and that relators fired in self-defense. A number of persons whom relators claimed to have heard and communicated the threats were present at the habeas corpus hearing, but none of them were called as witnesses.

The rule construing Section 11, Article 1 of our Constitution providing that all prisoners shall be bailable "unless for capital offenses when the proof is evident," has been stated so often that repetition of it here is unnecessary. (See Littleton v. State, 88 Tex. Cr. Rep.,

614, 228 S. W. Rep., 946, and cases therein cited.) We call attention only to the proposition that merely because there may be some conflict in the evidence, or because of the presence of some testimony raising a defensive issue, does not necessarily entitle an accused to bail. Ex parte Smith, 23 Tex. Crim. App., 100, 5 S. W. Rep., 99; Ex parte Jones, 31 Texas Crim. Rep., 422, 20 S. W. Rep., 983. We quote from the Smith case, supra:

" 'If, upon the whole testimony adduced, the court or judge entertains a reasonable doubt whether the relator committed the act, or whether in so doing he was guilty of a capital crime, bail should be granted,' This rule applies when the case is considered on appeal, the court keeping in mind the prima facie legal presumption that the action of the trial judge was correct. A majority of the court are not to be understood as holding that under the operation of this rule the evidence, though conflicting, may not at the same time be evident. To the mind of the tribunal passing upon the evidence the guilt of the applicant of a capital offense may be evident; that is, clear, strong, not admitting of a reasonable doubt and yet there may be evidence in conflict with such inculpatory evidence. It is not all conflicting, exculpatory evidence that will have the effect to raise a reasonable doubt of guilt and destroy or impair the force of 'evident proof' made by inculpatory evidence. It is for the judge or court who hears the testimony to consider the evidence as a whole, and if by the entire evidence a reasonable doubt of the applicant's guilt of a capital offense is not generated, the proof is evident and bail should be denied.''

Applying the foregoing principle to the instant record, we are unable to say the learned trial judge was in error in denying relator bail.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

May 23, 1923.

LATTIMORE, JUDGE.—The appellant herein was denied bail on habeas corpus hearing before Honorable Clark M. Mullican, District Judge of Gaines county, Texas, and appealed to this court which at a recent day of this term, affirmed the order and judgment of the lower court. Appellant was not satisfied and asks for a rehearing, and the matter has been again considered by us.

The rule seems to be that on appeal in habeas corpus hearing wherein bail was denied, if the complaint be that the evidence below was conflicting, this court will rarely overturn the judgment of the lower court and grant bail. Drury v. State, 25 Texas, 45; Ex parte Rothschild, 2 Texas Crim. App. 560; Ex parte Beacom, 12 Texas

Crim. App., 318; Ex parte Sparks, 81 Texas Crim. Rep. 618; Ex parte Lebo, 88 Texas Crim. Rep., 435, 227 S. W. Rep. 187. An inspection of the record reveals the fact that upon the hearing in the court below the State introduced a number of eyewitnesses to the killing who denied that either one of the men who were killed, by any act or movement of theirs evidenced an intent to execute threats theretofore made, as testified to by each of the appellants. Both Ross and Good took the witness stand and swore that threats against them on the part of each of the parties killed, had been communicated to them and that when they walked into the room where the killing occurred the deceased made movements indicating apparently a present purpose to execute such threats. The accused testified that there were witnesses present by whom they could prove the fact that deceased had made threats. No such witnesses were called to give evidence. No persons testified to any movements on the part of either of the persons killed which might form a predicate for a belief on the part of appellants that an attempt was being made or about to be made to execute threats. This then appears to be a case in which the State witnesses make out a case apparently capital, and the only conflict which appears is based on the testimony of the accused. In such case we do not believe ourselves justified in disturbing the judgment of the trial court.

The motion for rehearing will be overruled.

*Overruled.*