Ex Parte Ed Walker, et al.

No. 7993.· Decided June 29, 1923.

**Habeas Corpus—Bail.**

Where relator had been tried and the jury gave him a term in the penitentiary, and the cause was afterwards reversed and remanded, and relator applied for bail to the district judge, who refused same, held, that relator must be allowed bail in the sum of $10,000, and it is so ordered.

Appeal from the District Court of Comanche. Tried below before the Honorable J. H. Reese.

Appeal from a habeas corpus proceeding denying bail in a capital case.

The opinion states the case.

*Callaway & Callaway* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—This is an appeal from the order of the district judge denying bail to the relators Gibbs Howard, W. W. Willman and Ed. Walker, who are under indictment for the murder of Jack McCurdy. Their cases have been twice tried. First there were separate trials, which were reversed for the reasons stated in the opinions in Howard v. State, 92 Texas Crim. Rep. 221; Walker v. State, 92 Texas Crim. Rep. 296; Willman v. State, 92 Texas Crim. Rep. 77. On the appeal from the last conviction, the judgments were again reversed. See Walker et al. v. State, No. 7621, not yet reported. On the joint trial, Walker's punishment was fixed at confinement in the penitentiary for a period of not less than five nor more than ninety-nine years; that of Willman and Howard each at not less than five nor more than sixty years.

There is some difference, particularly with reference to Howard, between the evidence upon the first and second trials. The evidence, however, upon the second trial in which the relators were jointly tried, is identical with the evidence supporting this application, the parties having by agreement used the transcript of the evidence upon that trial.

Neither the death penalty nor life imprisonment has been assessed against either of the relators. The jury assessed against them long terms in the prison, but under the law they were subject to the terms of the indeterminate sentence law which requires that the judgment fix an indeterminate term, as above stated. The jury in passing on the same facts that are in the present record having refused to assess the capital punishment, this court would not be warranted in regarding it as one in which there was "proof evident" that the relators were guilty of a capital offense. For these reasons we are of the opinion that the relators are entitled to bail. Therefore, the judgment denying it is reversed with instructions that the relators each be allowed bail in the sum of $10,000.00 and that this order be certified to the Clerk of the District Court of Hamilton County where the case was last tried and also to the Clerk of the District Court of Comanche County from which this appeal denying bail comes.

*Bail granted.*