### Ex Parte J. J. Peacock.

No. 9086. Decided November 12, 1924.

No motion for rehearing filed.

**Habeas Corpus—Denial of Bail—Bail Granted.**

The facts in this case, as they appear in the record disclose an unex-

plained killing, with no circumstances in it to indicate that it was a homicide upon express malice, or to lead us to believe that the death penalty would be assessed upon a trial. Bail is therefore granted in the sum of seven thousand five hundred dollars.

Appeal from the Criminal District Court of Travis County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from an order of the court refusing bail.

*Harvey P. Shead,* for appellant. .

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—This is an appeal from an order of the Criminal District Court of Tarrant County denying bail to appellant. A lengthy recital of the facts is not necessary.

Appellant is charged with the murder of his wife. On the occasion of the homicide a shot was heard, followed after a little time by others. Appellant came from the apartment occupied by him, his wife and baby, carrying the baby on one arm and having a bullet hole in the other arm. He stated that he had had an awful struggle with his wife and that she was dead. Investigation disclosed the wife's body in a kneeling or stooping posture in the room. There were various skinned and bruised places on the head and face of the body and a bullet hole in her head. The room gave evidence of a struggle. Blood was on the wall, floor and furniture. Other bullet holes were found. Some threats were in evidence made by appellant and some made by deceased. No eye-witness testified to the actual facts transpiring in the room at the time of the homicide. The case relegates itself to one of an unexplained killing with no circumstance in it to indicate that it was a homicide upon express malice or to lead us to believe that upon a trial conducted in accordance with law a death penalty would be assessed by a jury.

The judgment denying bail is reversed and bail now granted in the sum of $7,500.

*Reversed.*