## EX PARTE O. M. BENNETT.

No. 21663. Delivered June 4, 1941.

The opinion states the case.

*Carlisle & Henry,* of Kaufman, for appellant.

*Fred T. Porter,* County Attorney of Kaufman County, *Fred V. Meredith,* Assistant County Attorney, of Terrell, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

On the 4th day of April, 1941, appellant was indicted by the Grand Jury of Kaufman County for the offense of murder. He immediately applied to the Hon. G. O. Crisp, Judge of the

District Court in and for said county, for a writ of habeas corpus. Upon a hearing thereof, appellant was remanded to the custody of the sheriff without benefit of bail. From said order he has appealed to this court.

The statement of facts accompanying the record clearly indicates that all the facts and circumstances were not fully developed by the State or the defense. Consequently, we are compelled to determine appellant's right to bail from the evidence as reflected by the record. It appears from the statement of facts that appellant, who was a son-in-law of the deceased, Mr. and Mrs. G. S. Pemberton, lived with his wife and thirteen-year-old son on an adjoining farm to his father-in-law and wife; that on the morning of the 22nd day of March, 1941, appellant left home. The son also left home and went to Charley Hunsucker's home, where he spent the day with the exception of a short time. Upon returning home, he found a note in the handwriting of his mother (appellant's wife), stating that she had left and not to look for her; "that she thought it was best this way." About 5:30 p. m. appellant came to the home of Hunsucker, where he saw his son, who inquired of his father if he had been home since he left in the morning. Upon being advised that he had not, the son told him about finding the note. Upon receiving this information appellant's face "flushed up like it made him mad." He said: "I am going up there and get 'em tonight. I am going to bring Beatrice back." He instructed the boy to spend the night at Hunsucker's house, and then left saying: "Charley, if you don't see me again —," The witness was unable to hear the rest of the sentence because the motor of the automobile was running at the time. Between 7:00 and 8:00 o'clock that night appellant appeared at G. W. Patton's cafe in the town of Terrell, where he purchased some articles and told Mr. Patton that he had killed his father-in-law and mother in law; that he had to do it. Appellant left the cafe, found the constable, and told him that he had done something that he hated to do; that he had killed Mr. and Mrs. Pemberton. The constable placed appellant in jail and then went out to the home of Mr. and Mrs. Pemberton in company with several men. They found Mr. Pemberton lying in the yard, about half-way between the front porch and the yard gate with a pistol nearby; and Mrs. Pemberton was lying on the porch with a rifle across her body. Both were dead. The pistol lying near the body of Mr. Pemberton had recently been fired twice. It belonged to a brother of Mr. Pemberton from whom he had borrowed it on the afternoon prior to the homicide.

Section 11 of Article 1 of our Constitution provides as follows:

"All prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident; but this provision shall not be so construed as to prevent bail after indictment found upon examination of the evidence in such manner as may be prescribed by law."

In order for this court to deny bail, the proof must be evident to the judges. The word "evident" in the Constitution has been construed to mean that the accused, with a cool and deliberate mind and formed design, did maliciously kill another, and that a dispassionate jury would not only convict but would also assess the death penalty. See Ex parte Shults, 77 S. W. (2d) 877.

We do not deem it proper to discuss the evidence further than to say that, in our opinion, appellant is entitled to bail. It is therefore ordered that the amount of appellant's bail in this case be, and the same is fixed at the sum of $4,000.00, and upon the execution of a good and sufficient bond in the manner and form provided by law, the Sheriff of Kaufman County will release appellant from restraint and confinement.

The judgment is reversed and the bail is granted in the sum herein stated.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.