## EX PARTE C. O. COPELAND.

No. 21897. Delivered October 15, 1941.

The opinion states the case.

*W. Ray Scruggs,* of Houston, and *Ernest Coker,* of Livingston, for relator.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

This is an appeal from an order of the district court of Polk County refusing bail to appellant who is being held in the jail of said county upon grand jury indictment charging him with the murder of Dawson Meece on the 19th day of July, 1941.

Appellant and deceased, together with a number of others who were witnesses in the case, were employed as nightwatchmen at a sawmill in the town of New Willard. Some of the watchmen were on duty during the early part of the night while others relieved them at stated hours. The deceased was on a service which required him to make a defined round of the premises and punch his clock with stationary keys while relator was assigned to the duty of watching the premises and going into such places as his judgment may dictate. Deceased was due to come on his watch at 12 o'clock, but did not appear until 2 o'clock in the morning. Relator was on duty during this period of time. Both were required to carry guns, which they did. Shortly after 2 o'clock other watchmen heard four pistol shots a short distance away from them and upon investigation they found the body of deceased where he was shot down and dying. He lived only a few minutes. His gun, customarily under his belt in the front of his body, was found about twelve inches from his outstretched right hand. It is in evidence that this hand was crippled, but it is not shown whether he used it to operate the pistol or not. Conflicting testimony is to the effect that it was his left hand that was crippled. The two sides of the pistol handle were found, one lying on the platform near the body while the other had fallen through a crack to the ground. The evidence does not show that these handles were broken nor what their condition was.

When witnesses approached, the deceased's only statement was, "Charley got me." When one witness met relator he asked him what was the matter and he replied, "I killed a son-of-a-bitch." The witness then asked who it was, to which relator replied that, "you ought to know." Each of the witnesses testified that they had never heard of any trouble between the two men prior to that time and the only evidence of malice upon which the State relies is an inquiry made by relator from one watchman who was to be relieved by deceased as to where deceased was. This occurred when deceased was something like an hour and a half late. Also the remark made by relator to the witness immediately following the shooting above detailed is pointed to as evidence of malice. There is no explanation given by the State as to how the killing took place nor the motive for it.

Relator had lived in the community for something like twenty-five years. He had borne a good reputation as a law-

abiding citizen. He owns no property and rents a company house.

Malice has been so frequently defined that we do not enter into a discussion in this case. There may be evidence upon which a jury will find relator guilty of murder with malice, but it is not of such conclusive nature that this court may say that they will certainly do so and also assess the death penalty. Ex parte Powell, 298 S. W. 575; Ex parte Peacock, 265 S. W. 1029; Branch's Annotated Penal Code, Sec. 2096; 5 Tex. Jur. Sec. 20, page 831, together with authorities therein cited. We do not think that the evidence in this case complies with the well established rule by which it may be said that a jury will in all probability inflict the death penalty. Relator is entitled to bail. Art. 1, Sec. 11, Constitution of Texas.

Judgment denying bail is reversed and bail granted in the sum of Five Thousand Dollars.