## EX PARTE RUSSELL COWARD.

No. 22518. Delivered March 24, 1943.
Rehearing Denied May 5, 1943.

594

The opinion states the case

*Stone, Phipps & Dibrell,* of Galveston, and *J. E. Edmundson, of Bellville,* for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is an appeal from an order denying bail.

Appellant is under indictment, in the District Court of Austin County, for the murder of Ed Krumrey, alleged to have been committed, with malice aforethought, on the 17th day of July, 1942. In December following, the case came on for trial and resulted in a mistrial, the jury being unable to agree upon a verdict.

It appears that, at the time the jury was discharged, nine members thereof were for a verdict of guilty with a punishment of five years in the penitentiary, some of whom based that conclusion upon a belief that the murder was committed without malice. The remaining three members were for a punishment of twenty-five years in the penitentiary. At no time did any member of the jury believe that the death penalty should be inflicted.

The State's testimony upon this hearing, and being the same as that adduced upon the former trial, shows an unprovoked killing—a killing unexplained. The wife of the deceased, who was an eye-witness to the killing, and who was, at the time, also shot by the appellant, testified, relative to the previous relationship existing between the deceased and appellant, as follows: "I didn't know of anything Russell Coward had against my husband, Ed Krumrey. Nothing in my knowledge in the history of the four of us to cause me to believe that Russell (appellant) had anything except good feeling toward Ed Krumrey." There is an absence of testimony showing that the killing was upon express malice.

No affirmative defensive testimony was offered by the appellant. The record does not reflect the issues submitted by the trial court in his charge upon the trial of the case.

Under the circumstances presented, is the appellant entitled to bail?

Our State Constitution (Art. I, Sec. 11) provides that "All prisoners shall be bailable by sufficient sureties, unless for capital offences, when the proof is evident;  —   —   — . — — — — — — — — — — —." The term "proof is evident," as therein used, means evidence clear and strong, leading a well-guarded judgment to the conclusion that an offense was committed; that the accused is the guilty agent; and that he would probably be punished capitally if the law is administered. Ex parte Peddy, 118 Tex. Cr. R. 175, 42 S. W. (2d) 605; Ex parte Adams, 119 Tex. Cr. R. 135, 44 S. W. (2d) 713; Ex parte Shults, 127 Tex. Cr. R. 484, 77 S. W. (2d) 877; Ex parte Bennett, 151 S. W. (2d) 797, 142 Tex. Cr. R. 131.

The burden of proof is upon the State to show that refusal of bail is warranted.

The mere fact that the jury, upon a former trial of the case, failed to agree upon a verdict does not show a bailable case. Ex parte England, 23 Tex. App. 90, 3 S. W. 714. Nor does the fact that upon the former trial of a case, the jury imposed a life term in the penitentiary necessarily show a bailable case. Ex parte Howard, 99 Tex. Cr. R. 456, 270 S. W. 550.

Prior verdicts may, however, be looked to in determining the question of bail—especially where the punishment affixed was less than life imprisonment. Ex parte Walker et al, 95 Tex. Cr. R. 267, 253 S. W. 520; Ex parte Peddy, 118 Tex. Cr. R. 175, 42 S. W. (2d) 605.

In the Walker case, supra, where the punishment assessed at a former trial was ninety-nine years in the penitentiary, this court speaking through Presiding Judge Morrow, said: "The jury in passing on the same facts that are in the present record having refused to assess capital punishment, this court would not be warranted in regarding it as one in which there was 'proof evident' that the relators were guilty of a capital offense. For these reasons we are of the opinion that the relators are entitled to bail."

Although in the instant case the jury did not reach a verdict, yet the fact that the highest punishment thought proper by any member of the jury was twenty-five years in the penitentiary

renders the foregoing rule, if not directly applicable, highly persuasive here.

In addition to the foregoing, note is to be taken of the fact that, in the instant case, no express malice or motive for the killing was shown, coupled with the further fact that, prior to the killing, no ill-will or animosity existed between the appellant and deceased. See: Ex parte Powell, 298 S. W. 575, 107 Tex. Cr. R. 648; Ex parte Copeland 142 Tex. Cr. R. 409, 154 S. W. (2d) 832; Ex parte Peacock, 265 S. W. 1029, 98 Tex. Cr. R. 348.

In the light of the record as a whole, the conclusion is reached that the appellant was entitled to bail.

The judgment denying bail is reversed and bail is here now granted in the sum of $10,000.00.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In its motion for rehearing the State construes the opinion directing bail for the relator to hold that the evidence in the case was insufficient to show murder with malice. Such was not the intention.

It has always been held that in order to warrant the denial of bail the evidence must show express malice. That continues to be the rule. However, it is not now essential that express malice be shown for the court to submit and the jury to find murder with malice. A more careful reading of the opinion indicates the misconstruction placed on the force and effect of the opinion, and it is not at this time intended to say more than that express malice was not shown. Whether or not all the facts and circumstances make out a case, from the State's standpoint, of murder with malice is a question not necessary to be decided at this time.

The original opinion sufficiently discussed the law, which the writer believes to be correct.

The State's motion for rehearing is overruled.