## EX PARTE MOLLY SUGER.

No. 23340. Delivered February 6, 1946.

The opinion states the case.

*Hughes & Monroe,* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator was charged by indictment with the unlawful, malicious killing of Mrs. Rose Suger, in one count thereof, and in a further count she is charged with being an accomplice to such killing in that she aided, advised and encouraged one Johnnie Andrew Butler to kill the said Mrs. Rose Suger, and that she promised said Butler a reward in a sum of money, and that she secured and furnished him a pistol for the purpose of assisting him in such killing, etc.

Relator sued out a writ of habeas corpus before the district judge, who, upon a hearing thereon, entered his order denying bail herein, and from this order we have an appeal.

All prisoners are bailable by sufficient sureties, unless in capital cases when the proof is evident. Sec. 11, Art. 1, State Constitution; Art. 5, C. C. P.

It should be borne in mind that although the confession of Johnnie Andrew Butler was introduced herein, he did not testify in this hearing. In an effort to show the guilt of relator as an accomplice, such extrajudicial confession was admissible only for the purpose of showing the guilt of Butler, and should be limited to such purpose. It could not be introduced for the purpose of showing the guilt of relator. See Branch's Penal Code, p. 43, Sec. 71, for list of authorities; also Art. 80, Vernon's Ann. P. C.; Millner v. State, 72 Tex. Cr. R. 45, 162 S. W. 348; Millner v. State, 75 Tex. Cr. R. 22, 169 S. W. 899.

This court has consistently held that the phrase "When the proof is evident," as used in the Constitution, and the statute, Art. 5, C. C. P., relative to bail in capital cases, means that the evidence would lead a well guarded and dispassionate judgment to the conclusion that an offense has been committed; that the accused is the guilty party, and will probably be punished capitally if the law is properly administered. See Vernon's Ann. C. C. P., Art. 5.

From the testimony presented to us herein we are unable to reach the conclusion that the relator will probably be punished capitally.

So believing, this cause is reversed and bail granted in the sum of $7,500.00, conditioned as required by law.