## Ex Parte Colquitt Gibson.

No. 23582. Delivered November 13, 1946.

The opinion states the case.

*Steve Miller,* of Tyler, and *J. S. Grisham* and *Thomas C. Unis,* both of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator was indicted by the Grand Jury of Smith County for the murder of Pat Templeton. Upon a hearing of the writ of habeas corpus he was denied bail, and he appeals.

The facts presented herein by the State show that relator

and his brother, Tomlin Gibson, assaulted Pat Templeton, someone inflicting 47 knife wounds and four scratches upon him; that the difficulty took place over an area of about 300 yards; that these wounds were immediately fatal. The Gibson brothers were both on the body of the deceased and striking him until he ceased talking and expired; that his body was found in a ditch along the roadside about 300 yards from where the difficulty began, and his shirt was torn off of him.

It is claimed herein that there was no malice shown and that, therefore, the proof is not evident of a killing by express malice. This court held, in substance, in the case of Stephens v. State, 93 Tex. Cr. R. 164, 245 S. W. 687, that since the abolition of the degrees of murder, in determining whether a case of murder is bailable, the evidence must show express malice, whether that malice be proved as an existing fact or implied from the circumstances of the killing. It is not always necessary that the killer possess a sedate and deliberate mind; malice may be formed in but an instant. "Malice requires no specific or appreciable length of time for its germination or growth, but may be formed in the mind just before the doing of an act." 22 Tex. Jur. p. 562, sec. 93. Also, "a killing may be on express malice though no motive is proved, and the very fact that it was without cause may indicate the existence of express malice." 22 Tex. Jur. p. 564, sec. 94. It may be shown by circumstantial evidence. See Plasters v. State, 1 Tex. Cr. App. 673.

We think the trial court was correct in its refusal of bail, and the judgment will therefore be affirmed.