## EX PARTE HARRY L. WASHBURN

No. 27,662. June 8, 1955

*Clifford Tupper, Clyde Vinson,* San Angelo, and *C. S. Farmer,* Waco, for relator.

*Aubrey D. Stokes,* District Attorney, *Justin A. Kever,* Assistant District Attorney, Runge, *Hardeman, Smith & Foy,* Special Counsel, all of San Angelo, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is an appeal from an order denying bail in a murder case .

The indictment charged that appellant, with malice aforethought, killed Helen Harris Weaver "by causing a bomb, to-wit: a collection of dynamite and detonating caps, to be attached to the electrical system of an automobile in such manner that an attempt to start the motor of said automobile and put said automobile in use would cause an explosion; and did then and there and thereby cause said bomb to explode when the said Helen Harris Weaver attempted to start said motor of said automobile and put said automobile in use, and the explosion of said bomb, so attached and caused to explode, in the manner aforesaid, did then and there kill the said Helen Harris Weaver."

The facts abundantly establish that at 8:40 o'clock, a.m., on January 19, 1955, the deceased, Helen Harris Weaver, as she attempted to start or was in the act of starting an automobile parked in the driveway of her and her husband's home, was killed by a bomb exploding in the automobile, in substantially the manner alleged in the indictment.

We have no difficulty in reaching the conclusion that the person who constructed and attached the bomb to the automobile, and thus brought about the death of the person attempting to start it, was guilty of such a wilful, deliberate, and diabolical murder as would constitute proof of the commission of the capital offense of murder, within the meaning of Art. I, Sec. 11, of our Constitution, which authorizes a denial of bail in a murder case where the proof is evident.

The term, "proof evident," here, means that the accused, with cool and deliberate mind and formed design, maliciously killed the deceased and that, upon a hearing of facts before the court, a dispassionate jury would, upon such evidence, not only convict but would assess the death penalty. Ex parte Shults, 127 Texas Cr. R. 484, 77 S.W. 2d 877; Ex parte Roberts, 151 Texas Cr. R. 547, 209 S.W. 2d 361; Ex parte Suger, 149 Texas Cr. R. 133, 192 S.W. 2d 159.

The question before us, then, is whether appellant is identified as the person who committed the offense or is identified as having a guilty connection with the commission of the offense by another person.

The facts relied upon to establish that identity are circumstantial.

Bail may be denied upon circumstantial evidence. Ex parte Gibson, 149 Texas Cr. R. 573, 197 S.W. 2d 543.

In cases of this character we refrain from stating the facts at length or from expressing a conclusion as to the sufficiency of the evidence to show appellant's guilt, so that the trial in the court below may proceed without any prejudgment by this court of the sufficiency of the evidence against appellant.

The entire statement of facts has been read, and the briefs and arguments of counsel have been considered.

Many circumstances exist which point to the appellant as the perpetrator of the murder, as also to a motive therefor.

Viewing the facts as a whole, we are unable to agree that the trial judge was in error in reaching the conclusion that this is not a bailable case.

The judgment of the trial court is affirmed.