EX PARTE PAUL COLLINS.

No. 31,278. November 4, 1959.No. 31,278. November 4, 1959.
State's Motion for Rehearing Overruled December 9, 1959.

WOODLEY, Judge, dissented.

*B. L. Collins,* Lufkin, for appellant.

*Fred Hudson, Jr.,* District Attorney, *Richard McDaniel,* County Attorney, Center, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

This is an appeal from an order refusing appellant bail, after indictment for murder.

The Constitution of this state says that all prisoners are entitled to bail except in capital cases "when the proof is evident." Article I, Section 11. The term "proof evident" means that the accused, with cool and deliberate mind and formed design, maliciously killed the deceased, and that upon a hearing of the facts before the court a dispassionate jury would, upon such evidence, not only convict but would assess the death penalty. Ex Parte Washburn, 161 Texas Cr. Rep. 651, 280 S.W. 2d 257, and Ex parte Shults, 127 Texas Cr. Rep. 484, 77 S.W. 2d 877.

The state's evidence was that the appellant visited with a roomer at the Center Hotel for a few minutes and then left, stating that he was going to visit with his father who lived down the hall. Some thirty minutes later, the deceased was found lying in the hall, dead from cuts inflicted by a sharp instrument. The appellant, who was found at his mother's home, was overheard to say "that he had fixed him."

In cases such as this, it is not our practice to discuss the facts fully, but we do observe that the defensive evidence, if properly developed as part of the res gestae, would reasonably well support self defense.

This court has held that where the evidence reasonable will

support the defense of self-defense it is a bailable case. Ex parte Adams, 119 Texas Cr. Rep. 135, 44 S.W. 2d 713.

The judgment of the trial court is reversed, and relator is granted bail in the sum of $15,000.00.

It is so ordered.

WOODLEY, Judge, (dissenting).

One charged with a capital felony is not entitled to bail merely because of the presence of some testimony raising a defensive issue. Ex parte Ross, 94 Texas Cr. Rep. 313, 251 S.W. 233, citing Ex parte Smith, 23 Texas App. 100, 5 S.W. 99, and Ex parte Jones, 31 Texas Cr. Rep. 422, 20 S.W. 983.

The only testimony found in this record, which, if admitted at the trial, could require a charge on self-defense was that of appellant's brother as to appellant's statement after he went to his mother's home following the killing. The statement appellant contends was res gestae and admissible as such. The state views the statement as self-serving and inadmissible.

The 77-year-old father lived in a hotel where other elderly men resided. He was heard to tell his 45 year old son, the appellant, to get out of his room.

Some 30 minutes later, the father's dead body was found, with his throat cut "as completely as it could be cut. * * * the only thing that apparently stopped the knife was the cervical vertebra * * * the back bone. It was cut at least twice. * * * It must have been a very sharp knife."

A bloody knife with open blade 4 or 5 inches long was found 10 or 12 feet from the building.

Appellant was at his mother's home washing his face, his hands and his shirt when Officer Hughes arrived and heard him say "they would not have to worry about him any more * * * that he had fixed him."

The appellant said nothing to Officer Hughes which suggested self-defense. Appellant's brother, on cross-examination, admitted, that, when the district attorney came to his mother's home later in the evening and asked him what appellant said

when he arrived, he did not tell the district attorney that his brother said he had been attacked and threatened by his father.

The trial judge observed the witnesses and heard their testimony. He concluded from all of the evidence that appellant was not entitled to bail. The presumption is that his ruling was correct. The facts and circumstances warrant his conclusion that the proof was evident and that the claim of self-defense was not well supported.

There is no showing that the trial judge abused his discretion in refusing bail, and his judgment should not be disturbed.