**Ex parte Charles E. PAUL.**

**No. 40941.**

Court of Criminal Appeals of Texas.

Nov. 29, 1967.

Ben D. Sudderth, Comanche, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from an order in a habeas corpus proceeding refusing appellant bail after indictment for murder with malice of his mother-in-law.

A previous appeal from a denial of bail before indictment was dismissed when such appeal was rendered moot by the return of the indictment. See Ex parte Paul, 419 S. W.2d 867 (October 25, 1967).

At the habeas corpus hearing it was stipulated by the defense and the State that in reaching a decision the court would consider the evidence adduced at the previous habeas corpus proceeding held on September 16, 1967.

The Constitution of this State provides that all prisoners are entitled to bail except in capital cases, when the "proof is evident." Article I, Section 11.

■ The term "proof is evident" means the accused, with cool and deliberate mind and formed design, maliciously killed the deceased, and that upon a hearing of the facts before the court a dispassionate jury would, upon such evidence, not only convict but would assess the death penalty. Ex parte Collins, 168 Tex.Cr.R. 500, 330 S.W. 2d 194; Ex parte Thrash, 167 Tex.Cr.R. 409, 320 S.W.2d 357; Ex parte Washburn, 161 Tex.Cr.R. 651, 280 S.W.2d 257; Ex parte Shults, 127 Tex.Cr.R. 484, 77 S.W.2d 877.

In Ex parte Thrash, supra, this Court said:

"The burden is upon the State to establish that the 'proof is evident' in order to defeat bail. Ex parte Donohoe, 112 Tex. Cr.R. 124, 14 S.W.2d 848; Ex parte Readhimer, 123 Tex.Cr.R. 635, 60 S.W. 2d 788; and Ex parte Coward, 145 Tex. Cr.R. 593, 170 S.W.2d 754. The trial court has by denial of bail to this appellant construed the facts presented as showing a case of 'proof evident.' It is the duty of this Court to determine if the trial court was authorized to reach that conclusion."

■ In performing this duty it has long been the policy of this Court in proceedings of this nature to refrain from stating the facts at length and of expressing a conclusion as to the sufficiency of the evidence to show the defendant's guilt. The purpose of such policy is that the trial should proceed without pre-judgment by this Court. This policy was departed from in Ex parte Krueger, Tex.Cr.App., 391 S.W.2d 737, but is here reaffirmed.

At the outset appellant's counsel readily concedes that the evidence is sufficient to show that an offense was committed and that appellant is the guilty party, but contends that the evidence does not indicate that appellant would probably be punished capitally if the law is administered.

■ He points to evidence showing that appellant and his wife had experienced marital difficulties; that she had left their home in Matagorda County taking all the children except their son Don and had moved to DeLeon in Comanche County where her mother and father resided; that a divorce suit was instituted; that appellant was ill the night before he left for DeLeon where the killing took place; that as a result of such illness he had been given a prescription by a doctor in Matagorda County; that he had taken Haldrone pills for arthritis for some time; that he was under mental stress as a result of the separation; that on his trip to DeLeon to see his wife and children he made a wrong turn and had gone 40 or 50 miles out of his way; that when he inquired of his mother-in-law as to the whereabouts of his wife and children, the deceased was heard to say, "It's none of your business"; that following the shooting his eleven-year-old son Don drove him 16 miles to a hospital where he arrived in an unconscious or semiconscious state and was treated for cyanosis (blue skin due to lack

of oxygen); that the hospital stay resulted from an overdose of drugs.

It must be remembered that to affirm an order denying bail this Court must find that the facts show a case of "proof evident" including the fact that upon a trial of this case a dispassionate jury would not only convict but would assess the death penalty.

After careful consideration of the evidence in the light of the briefs and oral argument presented, we cannot so conclude. The judgment of the trial court denying bail is reversed and bail is granted in the sum of $25,000.00.