**Ex parte Raul PEREZ.**

No. 41277.

Court of Criminal Appeals of Texas.

May 8, 1968.

Murray J. Howze, Monahans, for petitioner.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from an order in a habeas corpus proceeding refusing appellant bail after indictment for murder with malice of his wife.

The Constitution of this State provides that all prisoners are entitled to bail except in capital cases, when the "proof is evident." Art. I, Section 11.

■ "The term 'proof is evident' means the accused, with cool and deliberate mind and formed design, maliciously killed the deceased, and that upon a hearing of the facts before the court a dispassionate jury would, upon such evidence, not only convict but would assess the death penalty." Ex parte Paul, Tex.Cr.App., 420 S.W.2d 956; See also Ex parte Collins, 168 Tex.Cr. R. 500, 330 S.W.2d 194; Ex parte Thrash, 167 Tex.Cr.R. 409, 320 S.W.2d 357; Ex parte Washburn, 161 Tex.Cr.R. 651, 280 S.W.2d 257; Ex parte Shults, 127 Tex.Cr.R.

484, 77 S.W.2d 877. See also 8 Tex.Juris. 2d, Bail and Recognizance, Sec. 18, p. 137.

In Ex parte Thrash, supra, this Court said:

"The burden is upon the State to establish that the 'proof is evident' in order to defeat bail. Ex parte Donohoe, 112 TexCr.R. 124, 14 S.W.2d 848; Ex parte Readhimer, 123 Tex.Cr.R. 635, 60 S.W.2d 788, and Ex parte Coward, 145 Tex.Cr.R. 593, 170 S.W.2d 754. The trial court has by denial of bail to this appellant construed the facts presented as showing a case of 'proof evident.' It is the duty of this Court to determine if the trial court was authorized to reach that conclusion."

■ In examining the record before us, we find a complete lack of any evidence surrounding the alleged offense of the murder of appellant's wife. The State offered only the testimony of the Sheriff of Reeves County who expressed the opinion that appellant should not be released on bond for his own protection and for the protection of other people. He stated that there had been "persistent rumors" that some people intended to kill the appellant if he got out, and "substantial information" that the appellant had threatened to kill some people if he were released. Such testimony does not discharge the State's burden of proof.

■ The indictment in question is attached to the record, but this likewise does not discharge the State's burden. "An indictment furnishes no proof that the accused is guilty of a capital crime, much less that he is guilty of a capital crime in which the proof is evident." 8 Tex.Juris.2d, Bail and Recognizance, Sec. 21, p. 140, 141.

There was some evidence in the record to the effect that appellant had been previously charged with another murder offense occurring some six months earlier and that bail in that case had been set at $5,000. There is a transcription of the court reporter's notes attached to this record indicating that at a hearing the State did not

 

oppose the appellant's motions for a change of venue in both cases and that such motions were granted.

In the absence of facts surrounding the offense charged and for which bail is sought, it is obvious that this Court cannot find that the State has sustained its burden of showing a case of "proof evident."

After a careful consideration of the record before us, the brief filed, the judgment of the trial court denying bail is reversed and bail is granted in the sum of $25,000.

## CONCURRING OPINION

WOODLEY, Presiding Judge.

In the absence of any evidence having been introduced as to the murder or the facts surrounding the killing, I concur in the conclusion that the trial court erred in denying bail, and that bail should be granted in the sum of $25,000.00.