**Ex parte Wesley Leon COLBERT.**

**No. 42933.**

Court of Criminal Appeals of Texas.

March 25, 1970.

Briscoe, Dally & Shaffer, by Carl E. F. Dally and Joe C. Shaffer, Houston, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The appeal is from an order entered in a habeas corpus hearing denying bail.

In cases of this nature it is the policy of this Court to refrain from stating the facts at length and of expressing a conclusion as to the sufficiency of the evidence to show the appellant's guilt. Ex parte Paul, Tex. Cr.App., 420 S.W.2d 956.

The appellant is charged by indictment with the murder of Tony Clodfelter on or about January 8, 1970, by shooting him with a gun.

It was shown at the hearing that Tony Clodfelter was murdered in his place of business as the result of a gunshot wound.

A witness for the state gave testimony to the effect that at the instance of the widow of the deceased the appellant was hired to kill the deceased; and that she participated in the numerous contacts and messages pertaining to the killing until the killing was committed, and after the killing she was given $900 by the deceased's widow which she delivered to the appellant in part payment of his fee. Evidence from other sources was introduced pertaining to the negotiations and movements of the widow and the appellant concerning the killing.

All prisoners shall be bailable unless for capital offenses when the proof is evident. Art. 1, Sec. 11, Texas Const., Vernon's Ann.St.; Art. 1.07, Vernon's Ann.C.C.P.

■ The burden is upon the state to establish that the "proof is evident."

■ The term, "proof is evident," here, means that the accused, with cool and deliberate mind and formed design, maliciously killed the deceased and that, upon

a hearing of the facts before the court, a dispassionate jury would, upon such evidence, not only convict but would assess the death penalty. Ex parte Shults, 127 Tex. Cr.R. 484, 77 S.W.2d 877; Ex parte Roberts, 151 Tex.Cr.R. 547, 209 S.W.2d 361; Ex parte Suger, 149 Tex.Cr.R. 133, 192 S.W.2d 159; Ex parte Washburn, 161 Tex. Cr.R. 651, 280 S.W.2d 257; Ex parte Thrash, 167 Tex.Cr.R. 409, 320 S.W.2d 357; Ex parte Collins, 168 Tex.Cr.R. 500, 330 S.W.2d 194.

In denying bail this Court must find that the facts show a case of "proof is evident" including the fact that upon a trial of this case a dispassionate jury would not only convict but would assess the death penalty.

From an examination and consideration of the evidence and the briefs and arguments presented by counsel, it is concluded that the trial judge did not abuse his discretion in denying bail.

The judgment is affirmed.