**Ex parte Billy Joe SHORT.**

**No. 43854.**

Court of Criminal Appeals of Texas.

Jan. 27, 1971.

F. R. Files, Jr., Tyler, for relator.

Hunter B. Brush, Dist. Atty., Rex Kirby, Charles Crow, Asst. Dist. Attys., Tyler, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceeding refusing appellant bail after indictment for murder with malice.

The Constitution of this State provides that all prisoners are entitled to bail except in capital cases when the "proof is evident." Article I, Sec. 11, Texas Constitution, Vernon's Ann.St.

"The term 'proof is evident' means the accused, with cool and deliberate mind and formed design, maliciously killed the deceased, and that upon a hearing of the facts before the court a dispassionate jury would, upon such evidence, not only convict but would assess the death penalty." Ex parte Paul, Tex.Cr.App., 420 S.W.2d 956. See also 8 Tex.Jur.2d, Bail and Recognizance, Sec. 18, p. 137.

In order to defeat bail the burden is upon the State to establish that the "proof is evident." See Ex parte Thrash, 167 Tex.Cr.R. 409, 320 S.W.2d 357.

The trial court in the case at bar has by denial of bail to this appellant construed the facts presented at the habeas hearing as showing a case of "proof evident." It is now the duty of this court to determine if the trial court was authorized to reach that conclusion.

"In performing this duty it has long been the policy of this Court in proceedings of this nature to refrain from stating the facts at length and of expressing a conclusion as to the sufficiency of the evidence to show the defendant's guilt. The purpose of such policy is that the trial should proceed without pre-judgment by this Court." Ex parte Paul, supra.

The record reflects that the battered body of Mrs. Hattie Wilson was discovered on September 4, 1970, in Wilson's Grocery Store and Service Station approximately five miles from Tyler, Texas on Highway 31 West. She had been shot as well as badly beaten.

After appellant's arrest the next day and subsequent to being warned by a magistrate under the provisions of Article 15.17, Vernon's Ann.C.C.P., the appellant led officers to the lake where he stated he disposed of a pistol he claimed he had used to shoot Mrs. Wilson. The pistol was recovered. After warnings by an assistant district attorney in compliance with Article 38.22, V.A.C.C.P., followed by a waiver of his rights, the appellant gave a written extrajudicial confession in which he confessed the crime charged. Both the oral and written confessions were admitted into evidence.

The appellant, who had been previously convicted of felonies, attempted to show that he was interrogated for several hours before he was taken before a magistrate and that the interrogation continued for a number of hours thereafter before the confessions were obtained. Appellant elicited from the officers-witnesses that they knew he had mental problems in the past and in 1960 had been committed to a state hospital.

No lay or medical testimony, however, was offered to show appellant's mental competency at the actual time the confes-

sions were given or at the time of the alleged offense. It was stipulated that a death penalty had not been assessed in Smith County since 1937.

Neither the petitioner nor the State has filed briefs to assist this court in the disposition of this appeal.

In examining the record as a whole we cannot conclude that' the trial court abused its discretion in denying bail. In so holding we again note that we are not passing upon the sufficiency of the evidence nor upon the admissibility and voluntariness of the confessions. These matters should be determined at the trial upon the merits without pre-judgment by this court.

The judgment is affirmed.