Ex parte John Weldon FORBES.

No. 45112.

Court of Criminal Appeals of Texas.

Jan. 11, 1972.

Melvyn Carson Bruder and Barry P. Helft, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from an order in a habeas corpus proceeding refusing appellant bail after indictment for murder with malice of one Jean Geron, on or about September 24, 1971, in Dallas County.

All prisoners shall be bailable unless for capital offenses when the proof is evident. Art. 1, Sec. 11, Vernon's Ann.St. Texas Const., Art. 1.07, Vernon's Ann.C.C.P.

■ The burden is upon the State to establish that the "proof is evident."

■ The term, "proof is evident," here, means that the accused, with cool and deliberate mind and formed design, maliciously killed the deceased and that, upon a hearing of the facts before the court, a

dispassionate jury would, upon such evidence, not only convict but would assess the death penalty. Ex parte Colbert, Tex. Cr.App., 452 S.W.2d 454; Ex parte Shults, 127 Tex.Cr.R. 484, 77 S.W.2d 877; Ex parte Roberts, 151 Tex.Cr.R. 547, 209 S.W.2d 361; Ex parte Suger, 149 Tex.Cr.R. 133, 192 S.W.2d 159; Ex parte Washburn, 161 Tex.Cr.R. 651, 280 S.W.2d 257; Ex parte Thrash, 167 Tex.Cr.R. 409, 320 S.W.2d 357; Ex parte Collins, 168 Tex.Cr.R. 500, 330 S.W.2d 194.

■ In cases of this nature, it is the policy of this Court to refrain from stating the facts at length and of expressing a conclusion as to the sufficiency of the evidence to show the appellant's guilt. Ex parte Paul, Tex.Cr.App., 420 S.W.2d 956.

■ The record before us reflects that Witness Thomas testified that in the early part of September, 1971, the appellant called him and asked if the witness had a couple of pistols or knew where he might get a couple of guns, and on September 23, 1971, Witness Thomas, in exchange for a ring, gave appellant two guns.

Officer Hunter, of the Dallas Police Department, testified he went to the home of the deceased, on the date in question, and recovered a bullet from the body of the deceased which Chemist and Firearms Examiner Anderson testified, in his opinion, was fired from one of the guns identified as having been purchased from the Witness Thomas by appellant.

It must be remembered that to affirm an order denying bail, this Court must find that the facts show a case of "proof evident", including the fact that upon a trial of this case, a dispassionate jury would not only convict but would assess the death penalty. Ex parte Paul, supra.

After a careful review of the record, we cannot so conclude. The judgment of the trial court denying bond is reversed and bail is granted in the sum of $20,000.

Opinion approved by the Court.