**Ex parte Bernardino SIERRA, Jr.**

**No. 49144.**

Court of Criminal Appeals of Texas.

Oct. 23, 1974.

William G. Rosch, III, Houston, for appellant.

Carol S. Vance, Dist. Atty. and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from an order in a habeas corpus proceeding denying a reduction of bail in the trial court's Cause 214983 and refusing appellant bail in Cause

214982, both causes being for the offense of capital murder.

◼ Bail was set at $50,000.00 in Cause 214983. There was testimony that the appellant's family could make a bond of five thousand dollars. Appellant's ability to make bond, however, is not the sole criterion in setting bail. Ex parte Jester, Tex.Cr.App., 403, S.W.2d 133. The court may consider the nature of the offense in determining the amount of bail. Article 17.15, Sec. 3, Vernon's Ann.C.C.P.; Wilson v. State, Tex.Cr.App., 511 S.W.2d 531. Here, the offense is capital murder. The minimum punishment is life and the potential punishment is death if the appellant is found guilty. Sec. 12.31, V.T.C.A., Penal Code.[1] Also, Article 17.15, Sec. 1 of V.A.C.C.P., requires that "the bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with." In view of the seriousness of the offense, there is no showing that the trial court abused its discretion in 'refusing to reduce bail in Cause 214983.

Both the Constitution of this State, Art. 1, Sec. 11, Vernon's Ann.St., and the Code of Criminal Procedure, Art. 1.07, provide that all prisoners are entitled to bail except when "the proof is evident" that, upon a hearing of the facts before the court and the jury, a conviction and sentence of death would result.

◼ The burden of proof is on the State to establish that the proof is evident. E.g., Ex parte Forbes, Tex.Cr.App., 474 S.W.2d 690; Ex parte Perez, Tex.Cr.App.,

428 S.W.2d 323; Ex parte Thrash, Tex. Cr.App., 320 S.W.2d 357. The State must include evidence that the jury would not only convict, but would return findings so as to require the death sentence. Art. 37.-071, V.A.C.C.P.; cf., Ex parte Forbes, supra, and the cases cited therein.

It is the well established policy of this Court to refrain from stating the facts at length and commenting on the sufficiency of the evidence where the case has not been tried on the merits. E.g., Ex parte Forbes, supra; Ex parte Paul, Tex.Cr. App., 420 S.W.2d 956.

◼ Among other requirements, in order to impose the death sentence in this case, the jury must return an affirmative finding to the issue of "whether the conduct of the defendant that caused the death of the deceased was committed deliberately and with the reasonable expectation that the death of the deceased or another would result." Article 37.071(b)(1), V.A.C.C.P. After a careful review of the entire record made at the hearing on setting bail, we cannot conclude that the proof was evident that the jury would find this issue in the affirmative. The judgment of the trial court in denying bail in Cause 214982 is reversed and the appellant is granted bail in the sum of $50,000.00.

In view of our disposition herein, it is not necessary that we pass upon the contention raised by appellant that the death penalty statute is invalid.

It is so ordered.

1. After the United States Supreme Court case of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), this Court in Ex parte Contella, 485 S.W.2d 910, concluded that the death penalty as then authorized may not be imposed as a penalty for the crime of murder; then, we concluded that "bail may no longer be denied on the ground that the offense is a capital offense and the proof is evident." Section 12.31, supra, having been passed by the Legislature since our opinion in Ex parte Contella, supra, Contella is no longer controlling.